MEMORANDUM *
Plaintiff Jennifer Donovan appeals the district court’s grant of summary judgment in favor of Defendant Joshua Phillips in her 42 U.S.C. § 1983 .action alleging excessive force and bad-faith arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
1. We review de novo both a grant of summary judgment and a grant of summary judgment on qualified immunity grounds. Blankenhorn v. City of Orange, 485 F.3d 463, 470 (9th Cir. 2007). In analyzing qualified immunity, we employ a two-prong analysis; we determine whether the facts show the government actor’s “conduct violated a constitutional right,” and “whether the right was clearly established” at the time of the alleged unlawful action. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled, in part by Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
2. The district court properly granted summary judgment on Donovan’s excessive force claim. The Fourth Amendment prohibits the use of “excessive force” arising in the context of an arrest or investigatory stop, and all claims of excessive force are analyzed under the Fourth Amendment’s “reasonableness” standard, using the framework the Supreme Court set forth in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The objective reasonableness standard balances: (1) “ ‘the nature and quality of the intrusion on the individual’s Fourth Amendment interests’ ” against (2) “the countervailing governmental interests at stake.” Graham, 490 U.S. at 396, 109 S.Ct. 1865 (quoting Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). In balancing the competing interests, we must be mindful that “police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving— about the amount of force that is necessary in a particular situation.” Id. at 396-97,109 S.Ct. 1865.
3. Here, the video recording of the traffic stop shows that the nature and quality of the intrusion on Donovan’s personal security were relatively minimal. After Donovan failed to comply with Officer Phillips’ repeated orders to remain in her vehicle while Officer Phillips administered a field sobriety test to Donovan’s partner, Officer Phillips placed Donovan in a control hold. Officer Phillips approached Donovan, gripped her wrist, and pulled her arm downward, causing Donovan to roll onto the ground. Even assuming Donovan made no aggressive movements towards Officer Phillips before his use of force, under the totality of the circumstances, Officer Phillips had a substantial interest in taking the necessary steps to secure Donovan quickly once she exited her car. The Supreme Court has expressly recognized that traffic stops “are especially fraught with danger to police officers.” Arizona v. Johnson, 555 U.S. 323, 330,129 S.Ct. 781, 172 L.Ed.2d 694 (2009) (internal quotation marks and citation omitted). Further, Officer Phillips was outnumbered and, because Donovan refused to comply with his orders to stay in her vehicle, *613 Officer Phillips had to monitor two potentially intoxicated individuals on the side of a highway at night. See Gonzalez v. City of Anaheim, 747 F.3d 789, 804 (9th Cir. 2014) (recognizing that the inherent safety considerations surrounding traffic stops “have even greater salience” when an officer suspects an individual is intoxicated). Because Officer Phillips used minimal force against Donovan and, under the circumstances, his interest in quickly securing her was significant, Officer Phillips’ use of force was reasonable as a matter of law.
4. Even if we were to conclude that there was a triable issue as to whether Officer Phillips’ use of force against Donovan was objectively excessive, Officer Phillips is entitled to qualified immunity under the second prong of our analysis. See Pearson, 555 U.S. at 236, 129 S.Ct. 808. At the time Officer Phillips arrested Donovan, it was well-settled that the Fourth Amendment prohibits the use of “excessive force” arising in the context of an arrest or investigatory stop. See Graham, 490 U.S. at 395-96, 109 S.Ct. 1865. At the same time, however, it was not beyond debate that the totality of the circumstances surrounding Officer Phillips’ seizure of Donovan would indicate that his use of force was clearly unreasonable. See Ashcroft v. al-Kidd, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) (noting that the Supreme Court has “repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality” (citation omitted)).
5. Officer Phillips’ conduct was in-line with the California Highway Patrol’s Highway Patrol Manual, which indicates that an officer may appropriately employ a “control hold” when a subject is “not responding] to verbal commands but also offers no physical form of resistance.” See Chew v. Gates, 27 F.3d 1432, 1446-47 (9th Cir. 1994) (holding that the officers were entitled to qualified immunity because, even if their use of a police dog to effect the suspect’s arrest constituted excessive force, the officers could not have known that the department’s canine policy was unconstitutional). Further, there is no Ninth Circuit or Supreme Court authority that could have provided Officer Phillips with sufficient fair notice that his use of a control hold, under the circumstances in this case, would violate'federal constitutional law. Kennedy v. City of Ridgefield, 439 F.3d 1055, 1065 (9th Cir. 2006) (“To determine whether a right is clearly established, the reviewing court must consider whether a reasonable officer would recognize that his or her conduct violate[d] that right under the circumstances faced, and in light of the law that existed at that time.”). Without such fair notice, we hold that Officer Phillips is entitled to qualified immunity.
6. The district court also properly granted summary judgment on Donovan’s bad-faith arrest claim. Officer Phillips had probable cause to arrest Donovan for a violation of California Penal Code § 148(a)(1). See Cal. Pen. Code § 148(a)(1) (making it a misdemeanor to “willfully re-sist[ ], delay[ ], or obstruct ] any ... peace officer •.,. in the discharge or attempt to discharge any duty of his or her office or employment”). The existence of probable cause defeats Donovan’s bad-faith arrest claim. See Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (“If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.”); Allen v. McCurry, 449 U.S. 90, 103 n.18, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (stating that “a state court decision that the police acted legally [i.e., with probable cause] cannot but foreclose a *614 [§ 1988] claim that they acted in bad faith”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.