NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M. M., | No. 20-15209 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-05396-YGR |
| v. | |
| COUNTY OF SAN MATEO; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| GARY BROWN, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 8, 2021
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,** District Judge.

M.M., a resident of an at-risk youth home in Redwood City, California, sued

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

several San Mateo County Deputy Sheriffs, asserting claims under 42 U.S.C. § 1983, the California Bane Act, and for common-law battery. The district court granted summary judgment to the deputies. We affirm.[1]

1. The deputies were dispatched to the youth home after a counselor, concerned that M.M. had cut herself, called 911 to request a mental health assessment. *See* Cal. Welfare & Inst. Code § 5150(a) (permitting officers to take into custody someone who is a danger to herself or others "as a result of a mental health disorder"). M.M. repeatedly refused to show her wrists to the responding deputies and paramedics or to otherwise cooperate. After approximately fifteen minutes of discussion with M.M., one deputy told M.M. that he and his partner would take her wrists, put her on the floor, and apply handcuffs. They then brought M.M.'s wrists behind her using a control hold and applied pressure. As anticipated, M.M. fell to her knees, then to her chest, and finally to her face on the carpeted floor. The deputies applied pressure to M.M.'s back when she was on the floor for no longer than 40 seconds; she was then handcuffed, brought to her feet, and transported to the hospital for evaluation.

2. The district court did not err in granting summary judgment to the deputies on M.M.'s excessive force claim. Analysis of such a claim "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment

---

[1]     M.M. also sued the County of Mateo, but subsequently agreed to the entry of summary judgment in favor of the County.

interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (cleaned up). "[T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397 (cleaned up).

The district court correctly concluded that there was an "interest above minimal in using force." The parties do not contest that a § 5150 hold was appropriate and that M.M. would not show her wrists despite repeated requests. *See Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011). The record also supports a reasonable concern for the deputies' and M.M.'s own safety; because of the counselor's 911 call, they feared M.M. could have had a knife or other weapon and did not believe there was a way to search her safely while she was seated on her bed. *See id.*; *Rice v. Morehouse*, 989 F.3d 1112, 2021 WL 853301, at *7 (9th Cir. Mar. 8, 2021) (describing threats to safety as the most important factor in the *Graham* analysis); *see also Graham*, 490 U.S. at 396 (assessing the use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight").

The district court also did not err in assessing the quality of the intrusion. "Even passive resistance may support the use of some degree of governmental force . . . to attain compliance." *Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012);

*see Donovan v. Phillips,* 685 F. App'x 611, 612 (9th Cir. 2017) (describing use of a control hold, followed by pulling a subject's arms downward so that she rolled onto the ground, as "relatively minimal" force). The court was entitled to rely on the fact that M.M. reported no injuries when being transported to the hospital or being evaluated there. *See Santos v. Gates*, 287 F.3d 846, 855 (9th Cir. 2002) (stating that deducing the level of force from the extent of injuries may be appropriate); *compare Rice*, 2021 WL 853301, at *6 (observing that plaintiff "suffered 'extreme pain' immediately following his arrest and long-term physical pain for which he received medical treatment").

Nor was the force rendered excessive simply because the deputies applied pressure to M.M.'s back briefly while handcuffing her. The degree of force used was ultimately not substantial. And whether the deputies "hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue." *Forrester v. City of San Diego*, 25 F.3d 804, 808 (9th Cir. 1994). The warnings to M.M. and the deputies' repeated unsuccessful requests that M.M. cooperate also support the district court's reasonableness finding. *See Glenn*, 673 F.3d at 872.

3. Because M.M.'s Fourth Amendment claims fail, the district court also correctly dismissed her Bane Act and battery claims. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); *Hernandez v. City of Pomona*,

207 P.3d 506, 514 (Cal. 2009).

**AFFIRMED.**